UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERA CARVALHO & <br> SEBASTIAO CARVALHO NEVES <br><br> Plaintiffs, <br><br> v. <br><br> THE NEW YORK MORTGAGE COMPANY, LLC & <br> BAC HOME LOANS SERVICING, L.P. <br><br> Defendants. | Case No. 1:09-cv-11659-NG |

## VERIFIED AMENDED COMPLAINT

Plaintiffs Vera Carvalho and Sebastiao Carvalho Neves ("Plaintiffs") hereby bring this Verified Amended Complaint against The New York Mortgage Company, LLC ("NYMC") and BAC Home Loans Servicing, L.P. ("BAC") (hereinafter collectively "Defendants") and Plaintiffs do hereby state and allege as follows:

NATURE OF THE ACTION

1.     This is an action brought by the Plaintiffs against the Defendants pursuant to Massachusetts General Laws for their unfair and deceptive lending practices.

PARTIES

2.     Plaintiffs Vera Carvalho and Sebastiao Carvalho Neves ("Plaintiffs") are the record owners of and reside at 1923 Thayer Street, Abington, Massachusetts, 02351.

3.     Defendant Hypotheca Capital, LLC f/k/a The New York Mortgage Company, LLC ("NYMC") has its principal address as 1301 Avenue of the Americas, 7th Floor, New York, New York, 10019.

1

4.      Defendant BAC Home Loans Servicing, LP ("BAC") has its principal address as 3465 E. Foothill Blvd., Pasadena, California, 91107.

## FACTS

5.      Plaintiffs purchased the property located at 1923 Thayer Street, Abington, Massachusetts, 02351 ("Property") on September 19, 2006. A true and accurate copy of the Plaintiffs' Deed is attached hereto as Exhibit A.

6.      On September 19, 2006, Plaintiffs executed a first mortgage loan ("First Mortgage") with NYMC. A true and accurate copy of the First Mortgage is attached hereto as Exhibit B.

7.      On September 19, 2006, Plaintiffs executed a second mortgage loan ("Second Mortgage") with NYMC as well. A true and accurate copy of the Second Mortgage is attached hereto as Exhibit C.

8.      Upon information and belief, on December 5, 2006, BAC purchased the First Mortgage on the secondary market.

9.      The First Mortgage is in the sum of $272,000.00 and the Second Mortgage is in the sum of $68,000.00.

10.     The First and Second Mortgage provided for a loan arrangement which financed one hundred (100) percent of the Plaintiffs' home purchase.

11.     The First Mortgage has a fixed interest rate of six point seven five percent (6.75) percent over a thirty (30) year period.

12.     The Second Mortgage has a fixed interest rate of thirteen point six two five (13.625) percent over a fifteen (15) year period with a balloon payment due upon maturity of the Second Mortgage.

13. When applying for these mortgages with NYMC, Plaintiffs were specifically told that their payments on the First and Second Mortgage, along with taxes and insurance, would not exceed $1,800.00.

14. Plaintiffs were additionally told that the Second Mortgage's interest rate would not exceed eleven (11) percent.

15. Plaintiffs were never told that the Second Mortgage had a balloon payment nor were they explained what a balloon payment is.

16. The Plaintiffs, who speak and read limited English, gave documents to the Defendants, including their tax return, social security information and bank statements, to secure the First and Second Mortgages.

17. The Defendants then filled out the Plaintiffs' Uniform Residential Loan Application for the First Mortgage ("First Mortgage Application") for the Plaintiffs.

18. The First Mortgage Application states that the monthly mortgage payments for the First Mortgage are $1,764.19. A true and accurate copy of the First Mortgage Application is attached hereto as Exhibit D.

19. The First Mortgage Application further states that the monthly mortgage payments for the Second Mortgage are $785.57. *Id.*

20. Therefore, the total monthly payment for the First and Second Mortgage is $2,549.76. *Id.*

21. The First Mortgage Application additionally specified that Plaintiffs' total monthly income was $6,700.00.

22. The Plaintiffs, who do not read English well, were simply instructed at the closing to sign the documents and did not realize that the First Mortgage Application contained incorrect information regarding their income.

23. Additionally at closing, the Plaintiffs were told that they would be able to refinance their First and Second Mortgages in approximately six (6) months.

24. Despite the information contained in the First Mortgage Application, Plaintiffs' 2005 Joint Tax Return clearly states the Plaintiffs' adjusted gross income as $19,610.00 which yields a monthly income of $1,634.17. A true and accurate copy of the Plaintiffs' 2005 Joint Tax Return is attached hereto as <u>Exhibit E</u>.

25. The initial monthly mortgage payments for the First and Second Mortgage far exceed fifty (50) percent of the Plaintiffs' monthly income.

26. It is clear based upon Plaintiffs' income that they could not afford the First or Second Mortgage payments.

27. Plaintiffs took on extra jobs, stopped paying other bills and borrowed money from friends in an attempt to make their mortgage payments.

28. Ultimately, however, the payments on the First and Second Mortgages were unaffordable for the Plaintiffs.

29. Plaintiffs sent a Chapter 93A Demand Letter to both Defendants on August 31, 2009.

COUNT I
<u>FRAUDULENT MISREPRESENTATION</u>
(Against NYMC)

30. Plaintiffs reallege and incorporate herein all preceding allegations of this Verified Amended Complaint.

31. At the time of signing the First and Second Mortgages with NYMC, NYMC's representatives represented to Plaintiffs that they would be able to afford the First and Second Mortgages.

32. At the time of signing the First and Second Mortgages with NYMC, NYMC knew or should have known that, with their income, Plaintiffs would not have been able to afford the monthly payments on either the First or Second Mortgage.

33. NYMC made certain representations regarding the possibility of refinance the First and Second Mortgage in the future.

34. NYMC made further representations to the Plaintiffs regarding the limit of the monthly payments on the First and Second Mortgages without regard to the correct monthly payment amounts.

35. NYMC made misrepresentations to the Plaintiffs regarding the interest rate cap on Second Mortgage.

36. NYMC failed to inform Plaintiffs that there was a balloon payment at the duration of the Second Mortgage.

37. The aforesaid affirmative misrepresentations were false and fraudulent and were known, or should have been known, to NYMC to be false and fraudulent when made and were made solely to induce the Plaintiffs to enter into the First and Second Mortgages.

38. Plaintiffs relied upon NYMC's representations in executing the First and Second Mortgages and were reasonable for doing so under the circumstances.

39. As a direct and proximate cause of NYMC's conduct, Plaintiffs have suffered substantial damages and are in immediate danger of having their house foreclosed upon.

WHEREFORE, Plaintiffs hereby request that the First and Second Mortgage be declared void and unenforceable. The Plaintiffs request that this Court award them relief of multiple damages, costs and attorneys fees. Additionally, Plaintiffs further request injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure.

## COUNT II
## VIOLATION OF M.G.L. c. 93A
(Against Both Defendants)

40. Plaintiffs reallege and incorporate herein all preceding allegations of this Verified Amended Complaint.

41. Plaintiffs have met all procedural prerequisites for bringing a claim pursuant to M.G.L. c. 93A.

42. Defendants are engaged in trade or commerce in the Commonwealth of Massachusetts and were so engaged at the time all events occurred as described in this Verified Amended Complaint within the meaning of M.G.L. c. 93A.

43. By making and selling loans as described above, Defendants engaged in unfair and deceptive acts or practices, in violation of M.G.L. c. 93A § 2(a), and regulations promulgated thereunder pursuant to M.G.L. c. 93A, §2(c).

44. Defendants' unfair and deceptive conduct includes, but is not limited to the following, independently and collectively:

    a. Making an exceptionally risky loan that is unfair and unconscionable to the Plaintiffs;

    b. Misinforming the Plaintiffs regarding the terms and conditions of the Second Mortgage;

    c. Specifically failing to explain the terms and conditions of a balloon rider on the Second Mortgage;

    d. Representing to the Plaintiffs that they would be able to refinance without regard for the Plaintiffs' ability to refinance; and

    e. Failing to act in good faith and conduct due diligence when foreclosing on the Plaintiffs' Property.

45. Defendants knew or should have known that the ultimate harm of foreclosure and loan defaults, including the devastating impact on a borrower's credit, would result to the Plaintiffs.

46. Plaintiffs have been harmed as a result of Defendants' unfair and deceptive conduct.

WHEREFORE, Plaintiffs hereby request that the First and Second Mortgage be declared void and unenforceable. The Plaintiffs request that this Court award them relief of multiple damages, costs and attorneys fees. Additionally, Plaintiffs further request injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure.

## PRAYERS FOR RELIEF

47. Based upon the foregoing reasons, Plaintiffs respectfully request that the First and Second Mortgages be declared unenforceable.

48. Plaintiffs demand judgment against Defendants for all actual monetary damages including, but not limited to, interest on the mortgages, costs, attorneys' fees and such further relief as is just and equitable.

49. Additionally, based upon the foregoing reasons, Plaintiffs respectfully request injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure.

50. For all such other relief this Court deems fair and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts so triable.

Respectfully Submitted:

VERA CARVALHO and
SEBASTIAO CARVALHO NEVES,
By their attorney,

*/s/ George N. Piandes*
George N. Piandes, BBO No. 640802
George@gnplawfirm.com
The Law Office of George N. Piandes, P.C.
873 Waverly Street
Framingham, MA 01702
Tel. 508.872.8000

## CERTIFICATE OF SERICE

I, George N. Piandes, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 14, 2010.

*/s/ George N. Piandes*
George N. Piandes

## Verification

I, Vera Carvalho, and I, Sebastiao Carvalho Neves, have read the foregoing Verified Amended Complaint and do have personal knowledge of all of the facts stated in the foregoing Verified Amended Complaint and hereby swear under the pains and penalties of perjury that all of those facts are true and accurate.

_____
Vera Carvalho

_____
Sebastiao Carvalho Neves

Dated: 09-14-2010